CHARLES H. MOORE *vs.* WILLIAM H. MASON & another.

A bill of exceptions, in an action for forcibly entering the plaintiff's close, stated that the plaintiff held the premises either as a tenant at will or by sufferance of one of the defendants; after verdict for the plaintiff, *held* a mistrial.

TORT for forcibly entering the plaintiff's office, and removing therefrom a movable partition. The bill of exceptions, signed by *Brigham,* J., stated that the evidence on the trial in the superior court showed that the plaintiff held the premises either as a tenant at will or by sufferance of Richardson, one of the defendants; and the act complained of was an entry by the other defendant, Mason, and an attachment by him, as an officer, of the property in question upon a writ in favor of Richardson. A verdict was rendered for the plaintiff, and the defendant alleged exceptions.

*W. L. Brown,* for the defendants.

*J. D. Thomson,* for the plaintiff.

BY THE COURT.    There was evidently a mistrial in this case. The exceptions state that the plaintiff was either a tenant at will or by sufferance of the defendant Richardson.    This was a material fact, which ought to have been determined definitively at the trial.    If the plaintiff was tenant by sufferance, he could not maintain this action at all.    An action of tort for breaking and entering the plaintiff's close does not lie in favor of a tenant by sufferance against his landlord.    *Meader* v. *Stone,* 7 Met. 147.    *Curtis* v. *Galvin, ante,* 215.                      *Verdict set aside.*